IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RONALD GENAO-DIAZ | Case No. 25-449 (M) |

**MEMORANDUM AND ORDER**

On May 6, 2025, Ronald Genao-Díaz was charged by criminal complaint for violations of 18 U.S.C. § 1546(a) (fraud or misuse of visa or other government documents) and 34 U.S.C. § 40702 (collection and use of DNA identification information). Defendant was brought before the Court for a Preliminary Hearing on May 19, 2025. At the conclusion of the hearing, I took the matter under advisement. For the reasons discussed below, I find probable cause that Defendant violated 18 U.S.C. § 1546(a) and 34 U.S.C. § 40702.

I.   Preliminary Hearing Standard

Under Rule 5.1 of the Federal Rules of Criminal Procedure, a defendant charged with a felony or an offense other than a petty offense is entitled to a preliminary hearing within fourteen (14) days after his initial appearance. "A preliminary hearing under Fed.R.Crim.P. 5.1 is narrow in scope. Its purpose is solely to test whether probable cause exists as to the offense charged. It is not a discovery mechanism for the defendant and is not a trial to determine guilt or innocence. […] [P]robable cause may be found where there is a 'fair probability,' based on the totality of the circumstances, that a defendant committed the offense charged." United States v. Balestier-Sanches, 2014 WL 993551 at *1 (D.R.I., Mar. 13, 2014) (citing United States v. Mims, 812 F.2d 1068, 1072 (8th Cir.1987) and United States v. Gómez, 716 F.3d 1, 9 (1st Cir. 2013)).

It follows that "[t]he government's burden to establish probable cause at this preliminary stage is low." Id. According to the U.S. Supreme Court in Gates, the concept of probable cause is a "practical, non-technical" one. Illinois v. Gates, 462 U.S. 212, 231 (1983) (citation omitted). It is a matter of probabilities— not hard certainties— and the Court must consider such probabilities

considering "factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." Id. (quoting Brinegar v. United States, 338 U.S. 160, 175 (1949)). "Both circumstantial evidence and the reasonable inferences drawn from it can support a finding of probable cause." Balestier-Sanches, 2014 WL 993551 at *1 (citing United States v. Swope, 542 F.3d 609, 616 (8th Cir. 2008) and United States v. Hilario, 2009 WL 2913957 at *1 (D.R.I., Sept. 9, 2009)). Except for the rules on privilege, the Federal Rules of Evidence are not applicable at preliminary hearings. Fed.R.Evid. 1101(d)(3). "A finding of probable cause may rest upon evidence which is not legally competent in a criminal trial." United States v. Ventresca, 380 U.S. 102, 107 (1965) (citations omitted). And, as firmly established, may also be based, in whole or in part, on hearsay evidence. See 1972 and 2002 Advisory Committee Notes to Fed.R.Crim.P. 5.1.

II.     Discussion

Prior to the hearing, the parties stipulated that, on May 3, 2025, Defendant was at the airport in Puerto Rico seeking to board a plane to the Dominican Republic. And that the Defendant had in his possession a route letter that allowed him to travel to the Dominican Republic. The Government called U.S. Customs and Border Protection (CBP) Enforcement Officer Mariano Garay-Ortiz. Officer Garay-Ortiz was the agent who submitted the affidavit in support of the criminal complaint. He adopted the entire content of the affidavit during his testimony. Government Exhibit 3. He also testified that, on May 3, 2025, while at the airport to board a flight to the Dominican Republic, Defendant provided TSA a passport of the Dominican Republic. Government Exhibit 1. Inside the passport, agents found a route letter issued by the Dominican Republic. This route letter allowed Defendant to return to the Dominican Republic. But because the passport did not have a visa that would allow Defendant to be present in the United States, Defendant was referred for a second interview with CBP. During administrative processing by CBP, CBP conducted a pat down of the Defendant, during which they found a United States Permanent Resident card in Defendant's wallet. Government Exhibit 2. The wallet was in the possession of the Defendant. The card had Defendant's name and photograph. When the agents ran the immigration number referenced in the card in the CBP system, they found that the number did not exist and they concluded that the card was fake. On at least five (5) different occasions, law enforcement asked Defendant to provide a sample of DNA. Defendant refused.

Defendant moved the Court for a finding of no probable cause, arguing that the Government had failed to establish that Defendant knew the permanent resident card was forged. Under 18 U.S.C. § 1546(a), "[w]hoever knowingly forges, counterfeits, alters, or falsely makes any immigrant or

nonimmigrant visa, permit, border crossing card, alien registration receipt card, or other document prescribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States, **or** utters, uses, attempts to use, **possesses**, obtains, accepts, or receives **any such visa, permit, border crossing card, alien registration receipt card, or other document prescribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States, knowing it to be forged, counterfeited, altered, or falsely made, or to have been procured by means of any false claim or statement, or to have been otherwise procured by fraud or unlawfully obtained** […]" may be criminally liable. (emphasis added). As such, the statute has at least two distinct prohibitions: to knowingly forge an immigration document and to possess an immigration document knowing that it is false or was fraudulently obtained. United States v. Krstic, 558 F.3d 1010, 1013 (9th Cir. 2009) (the statute criminalizes possession of an immigration document that was fraudulently obtained). The First Circuit has held that guilty knowledge of the falsity of the immigration document may be inferred from circumstantial evidence. United States v. Singh, 222 F.3d 6, 10 (1st Cir. 2000) (citations omitted). This is also certainly the case for a finding of probable cause. Balestier-Sanches, 2014 WL 993551 at *1. Here, the Government established that Defendant was in possession of the false permanent resident card, which had his name and photograph. And that when agents ran the immigration number referenced in the card in the CBP system, they found that the number did not exist and the card was a fake. At this stage of the proceedings, this circumstantial evidence is sufficient to allow for a logical inference that Defendant knew that the permanent resident card in his possession was false. Probable cause was established for the violation of 18 U.S.C. § 1546(a).

34 U.S.C. § 40702(a)(1)(A), provides that "[t]he Attorney General may, as prescribed by the Attorney General in regulation, collect DNA samples from individuals who are arrested, facing charges, or convicted or from non-United States persons who are detained under the authority of the United States." An individual who refuses to cooperate in the collection of the DNA may be found guilty of a class A misdemeanor. Id. at § 40702(a)(5). The testimony during the hearing established that: (1) Defendant is a non-United States person detained by CBP, and (2) that, despite the efforts of law enforcement, Defendant refused to cooperate in the collection of the DNA sample on at least five (5) occasions. There is probable cause that Defendant violated 34 U.S.C. § 40702. See United States v. Pérez, 17 F. Supp. 3d 586, 593 (S.D. Tex. 2014) (citing 24 J. Moore, *Moore's Federal Practice—Criminal Procedure* § 605.1.03 (2014) ("The inquiry is not a retrospective one as to whether there was probable cause at the time of arrest. Rather, it is an assessment of whether there is probable cause

at the time of the hearing, and thus it may include an evaluation of evidence gathered subsequent to the formal arrest.")).

    III.    <u>Conclusion</u>

For the reasons discussed above, I find probable cause that the Defendant committed the offenses charged under 18 U.S.C. § 1546(a) and 34 U.S.C. § 40702.

**IT IS SO ORDERED.**
In San Juan, Puerto Rico, this 21st of May, 2025.

                                             <u>s/Giselle López-Soler</u>
                                             GISELLE LÓPEZ-SOLER
                                             United States Magistrate Judge